UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ivan Plaza-Andrades,   Case No. 15-cv-2604

      Petitioner

    v.   MEMORANDUM OPINION

Ralph Hanson,

      Respondent

Before me is Respondent Ralph Hanson's motion to dismiss Petitioner Ivan Plaza-Andrades' petition for writ of habeas corpus. (Doc. No. 6). Respondent asserts the petition should be dismissed on grounds of mootness.

"To sustain our jurisdiction…, it is not enough that a dispute was very much alive when suit was filed….The parties must continue to have a '"personal stake in the outcome"' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (citations omitted). If there is no longer a live case or controversy, the case is moot and may not be adjudicated by the federal court. *Id.* Such is the case here.

In his petition, Plaza-Andrades is not challenging the validity of his conviction or the resulting sentence. (Doc. No. 1 at 4). Instead, he claimed his due process rights were violated during a disciplinary hearing while incarcerated and moved for this court to "[v]acate the Disciplinary Hearing Officer's finding and decision and remand this matter for a hearing before another DHO with instructions that the petitioner be provided with an interpreter during the hearing and that all other due process requirements be provided him." (Doc. No. 1 at 7-8). But since Plaza-Andrades has already been released from custody, this relief may not be provided. Therefore, no live controversy remains and the petition is moot. *See, e.g., Lane v. Williams*, 455 U.S.

624, 633-34 (1982) (holding no live controversy existed and the case was moot since the petitioner requested relief in the form of "'immediate release' from custody" and he had already been released at the time it was before the court).

Because Plaza-Andrades' petition for habeas corpus is moot, the case is dismissed with prejudice. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge